UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JAMES H. BEARD, JR.,

    Plaintiff,

VS.                                                             No. 17-2184-STA-cgc

MEMPHIS, TN, CRIMINAL AND
JUDICIAL SYSTEM, et al.,

    Defendans.

---

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

Plaintiff James H. Beard, Jr., filed a pro se complaint against the Memphis Criminal and Judicial System and various individuals pursuant to 42 U.S.C. § 1983. Before the Court is the United States Magistrate Judge's Report and Recommendation (ECF No. 11) that the complaint be dismissed *sua sponte* for failure to state a claim upon which relief may be granted. Plaintiff has filed objections to the Magistrate Judge's Report. (ECF No. 12.) Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report and Recommendation in its entirety.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."[1] Parties must file specific objections; "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."[2] "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."[3] Because Plaintiff has made "vague, general, or conclusory objections," including recitations from previous pleadings, those objections are waived. The Magistrate Judge correctly determined that Plaintiff has failed to state a claim and that Defendants are entitled to dismissal of the claims against them. Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED**.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).[4] Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the District Court, along with a supporting affidavit.[5] However, Rule 24(a) also provides that if the District Court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the Court of Appeals.[6]

---

[1] 28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b).

[2] *Cole v. Yukins*, 2001 WL 303507 *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

[3] *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

[4] *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999).

[5] Fed. R. App. P. 24(a)(1).

[6] Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one.[7] The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.[8] It would be inconsistent for a District Court to determine that Plaintiff has failed to state a claim but the action has sufficient merit to support an appeal *in forma pauperis*.[9] The same considerations that lead the Court to dismiss the complaint *sua sponte* also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[10]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 28, 2017

---

[7] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[8] *Id.*

[9] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983).

[10] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents intended for filing in the Sixth Circuit.